**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TIMOTHY L. ELLIS,

                         Petitioner,

    - v -                                         9:22-CV-0589
                                                     (DNH/DJS)

JOSEPH E. COREY, Superintendent of Auburn
Correctional Facility,

                         Respondent.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| TIMOTHY L. ELLIS<br>Petitioner, *Pro se*<br>17-B-1270<br>Auburn Correctional Facility<br>P.O. Box 618<br>Auburn, New York 13021 | |
| HON. LETITIA JAMES<br>Attorney General for the State of New York<br>Attorney for Respondent<br>28 Liberty Street<br>New York, New York 10005 | ROBERT C. McIVER, ESQ.<br>Assistant Attorney General |

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

    Following a bench trial, *Pro se* Petitioner Timothy Ellis was convicted of first and second degree attempted murder, first degree assault, and first and second degree burglary. Dkt. No. 1, Petition ("Pet.") at p. 1. He was then sentenced to a term of

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1

imprisonment of twenty-two years to life. Dkt. No. 11-6, Trial Transcript ("T Tr.") at pp. 624-26. Petitioner presently seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See generally* Pet. Respondent filed a Memorandum of Law in Opposition to the Petition. Dkt. No. 11-2, ("Resp. Mem."). Petitioner has also filed a Traverse. Dkt. No. 18 ("Traverse").[2] For the reasons below, this Court recommends that the Petition be **denied**.

## I. BACKGROUND

In 2010, Petitioner burglarized Jill Piros' home and brutally bludgeoned her in the process. T Tr. at pp. 42-44, 126-27, 622-24. As a result, Petitioner was named in a five-count indictment charging him with first degree attempted murder, among other crimes. Dkt. No. 11-3, State Court Record ("SR.") at pp. 11-15.[3] At trial, it was discovered that defense counsel had previously represented two of the prosecution's key witnesses. Dkt. No. 11-5, Mistrial Transcript ("M Tr.") at pp. 2-3.[4] Consequently, the trial court granted defendant's subsequent motion for a mistrial. *Id.* at p. 17. At the ensuing bench trial, Petitioner was found guilty and sentenced to a term of imprisonment of twenty-two years to life. T Tr. at pp. 624-26. Petitioner then unsuccessfully moved to vacate his judgment of conviction. SR. at pp. 462-64, 591-96. Thereafter, Petitioner appealed to the New York Appellate Division, Third Department. SR. at p. 307. The Appellate Division affirmed. *People*

---

[2] Citations to the Petition, bench trial transcript, and Petitioner's Traverse Reply Brief are to the page numbers assigned by the Court's CM/ECF system.

[3] The state court record is contained in two volumes. Dkt. Nos. 11-3 & 11-4. Citations to the state court record are to the page numbers provided by Respondent.

[4] Citations to the mistrial transcript are to the page numbers provided by Respondent.

*v. Ellis*, 182 A.D.3d 791, 793 (3d Dep't 2020).  The New York Court of Appeals later denied leave to appeal.  *People v. Ellis*, 35 N.Y.3d 1026 (2020).

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997).  A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).  Accordingly, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to"

established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

### III. DISCUSSION

Petitioner argues that he is entitled to relief because (1) his constitutional right prohibiting double jeopardy was violated; (2) his trial counsel was constitutionally ineffective for requesting a mistrial; and (3) he was denied a fair trial when evidence of an alleged uncharged crime was admitted. Pet. at pp. 5-8. Respondent seeks dismissal of the Petition on the merits. *See generally* Resp. Mem.[5] As detailed below, the Court recommends that the Petition be dismissed.

#### A. Double Jeopardy

Petitioner's retrial did not violate the constitutional bar against double jeopardy. The Double Jeopardy Clause prohibits prosecution of the same crime twice. U.S. CONST. amend. V. However, where, as here, the accused consents to a mistrial, the Double Jeopardy Clause does not prohibit retrial unless "the prosecution intentionally provoked the mistrial." *United States v. Bright*, 356 F. App'x 474, 476-77 (2d Cir.

---

[5] The Court notes that Respondent did not raise any timeliness issue, and so the Court deems any such issue waived. *See Day v. McDonough*, 547 U.S. 198, 202 (2006).

2009) (finding no intentional provocation where the prosecution raised a conflict to "avoid a successful appeal by [defendant] on the grounds that his conflicted counsel was unable to vigorously attack a key government witness"); *Oregon v. Kennedy*, 456 U.S. 667, 672-73 (1982). This is because the "Double Jeopardy Clause [cannot] relieve a defendant from the consequences of his voluntary choice." *Paul v. Henderson*, 698 F.2d 589, 593 (2d Cir. 1983) (quoting *U.S. v. Scott*, 437 U.S. 82, 99 (1978)). Moreover, "the permissibility of a retrial following a mistrial [does not] depend[] on a [defendant's] knowing, voluntary, and intelligent" consent to the mistrial, as Petitioner wrongly contends. *U.S. v. Dinitz*, 424 U.S. 600, 609 n.11 (1976); Pet. at p.5.

Here, double jeopardy did not bar Petitioner's retrial. At his first trial, Petitioner was informed that his counsel had previously represented two of the prosecution's witnesses. M Tr. at pp. 2-3. Petitioner then spoke with his counsel regarding the scope of the conflict and the court explained the implications surrounding the conflict at length. *Id.* at pp. 4, 7-9, 14-15. When asked whether Petitioner wanted a new attorney and a mistrial declared, Petitioner answered affirmatively. *Id.* at pp. 9-10. Petitioner's express consent—not the prosecution's conduct—prompted the mistrial.

Upon discovering defense counsel's conflict, the special prosecutor promptly alerted the court. *Id.* at pp. 2, 17. The court then engaged in lengthy discussions regarding waiver of the conflict. *Id.* at pp. 4-12. When neither party would waive the conflict, the prosecution even considered whether it could go forward without calling its two conflicted witnesses and ultimately opposed defense counsel's motion for a

mistrial. *Id.* at pp. 10, 17. Thus, nothing in the record supports Petitioner's argument that the prosecution goaded the mistrial.

Accordingly, Petitioner's double jeopardy claim presents no basis for habeas relief.

## B. Petitioner's Remaining Claims

Petitioner also asserts claims of ineffective assistance of counsel and denial of his right to a fair trial. Pet. at pp. 7-8. Both claims are procedurally defaulted, thereby preventing this Court's review and nevertheless lack merit.

### 1. Procedural Default

Failure to raise all claims in state court before petitioning a federal habeas court bars review absent a showing of cause for default and resulting prejudice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 633 (2d Cir. 2001). Ineffective assistance of counsel may constitute cause for default. *Edwards v. Carpenter*, 529 U.S. at 451. However, an ineffective assistance of counsel claim is itself a constitutional claim that must first be procedurally exhausted in state court before federal habeas review. *Sellan v. Kuhlman*, 261 F.3d 303, 314 (2d Cir. 2001). It is also well-settled that "the mere fact that counsel failed to . . . raise [a] claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986), *superseded by statute on other grounds*, AEDPA, Pub. L. 104–132, Apr. 24, 1996, 110 Stat. 1214.

In his application for leave to appeal from the Appellate Division's affirmance of his conviction, Petitioner raised a single issue: double jeopardy. SR. at pp. 436-39.

6

Petitioner now seeks this Court's review of two additional claims of ineffective assistance of counsel and violation of his right to a fair trial. Pet. at pp. 7-8. Petitioner previously raised these issues in a motion to vacate judgment following his conviction but did not raise them with New York State's highest court. SR. at pp. 436-439, 522-31, 591-96. Petitioner asserts that any omission on appeal was caused by appellate counsel's ineffective assistance. Traverse at p. 2. Petitioner never raised this basis for relief, a constitutional claim in itself, in state court. Nor does Petitioner raise the issue with this Court. *See generally* Pet. Accordingly, no New York state court has adjudicated the Petitioner's claims on the merits, barring this Court's review.

In any event, both of Petitioner's claims are meritless.

### 2. *Ineffective Assistance of Counsel*

Petitioner contends that his trial counsel was constitutionally ineffective for requesting a mistrial that Petitioner consented to. Pet. at p. 7.

To establish ineffective assistance of counsel, Petitioner must show that counsel's (1) objectively deficient performance (2) prejudiced Petitioner in that there is a reasonable probability that the case outcome would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Premo v. Moore*, 562 U.S. 115, 121 (2011). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. at 104 (quoting *Strickland v. Washington*, 466 U.S. at 689). Thus, someone challenging a conviction must show "that counsel made errors so serious that

7

counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687; *see also Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (noting that the Sixth Amendment does not guarantee "perfect advocacy judged with the benefit of hindsight"). Where a defendant is represented by counsel and consents to a mistrial, an ineffective assistance claim will fail. *See Bright v. United States*, 2018 WL 5847103, at *4 (S.D.N.Y. Nov. 8, 2018) (denying defendant's ineffective assistance claim where "counsel's advice to consent to a mistrial, rather than go forward with a conflict, was likely sound advice [a]nd [defendant] knowingly consented to that decision").

On appeal to the New York Appellate Division, Petitioner argued that his trial counsel rendered ineffective assistance by requesting a mistrial. *People v. Ellis*, 182 A.D.3d. at 793 n.3. In rejecting that claim, the Appellate Division specifically stated that "[d]efense counsel's request for a mistrial comported with defendant's express desire for the assignment of new counsel." *Id.* The *Strickland* test imposes a "high bar." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Under the AEDPA, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly." *Bell v. Cone*, 535 U.S. 685, 699 (2002). "Rather, [Petitioner] must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.*

Petitioner cannot make this showing. Nothing about the Appellate Division's rejection of Petitioner's ineffectiveness claim was unreasonable. That is especially true given Petitioner's express consent to the requested mistrial after being fully informed

8

of the nature of the conflict. M Tr. at. pp. 4, 7-10, 14-15. Considering Petitioner's refusal to proceed with trial, trial counsel's request for mistrial was certainly a reasonable strategic choice that cannot be deemed ineffective. *See, e.g.*, *Hernandez v. Artus*, 2020 WL 2769404, at *13 (E.D.N.Y. May 28, 2020); M Tr. at. p. 15. Nor was Petitioner prejudiced by trial counsel's request for a mistrial. In fact, requesting a mistrial "was consistent with [Petitioner's] right to conflict-free representation." *People v. Ellis*, 182 A.D.3d. at 793 n.3. Had defense counsel not requested a mistrial, this Court "is confident [Petitioner] would have challenged that decision as yet another ground for ineffective assistance." *Bright v. United States*, 2018 WL 5847103, at *4.

Thus, Petitioner's ineffective assistance claim does not warrant habeas relief.

### 3. Denial of Right to a Fair Trial

Petitioner argues that the trial court's admission of uncharged crime evidence denied him his right to a fair trial. Pet. at p. 8. Petitioner's argument is unfounded.

"Evidentiary questions are generally matters of state law and raise no federal constitutional issue for habeas review." *Sudler v. Griffin*, 2013 WL 4519768, at *3 (N.D.N.Y. Aug. 26, 2013) (citing *Estelle v. McGuire*, 502 U.S. 62, 63, 68 (1999)). Nonetheless, trial courts have "broad discretion in determining whether proffered evidence should be admitted." *Gentile v. Cnty. of Suffolk*, 926 F.2d 142, 151 (2d Cir. 1991). To determine whether uncharged crime evidence is admissible at trial, it must be determined whether the evidence is relevant to some issue other than proving the defendant's character. *U.S. v. Gubelman*, 571 F.2d 1252, 1254 (2d Cir. 1978). Relevant evidence may be excluded if its probative value is substantially outweighed by unfair

9

prejudice to the defendant. *U.S. v. Stewart*, 590 F.3d 93, 133 (2d Cir. 2009). However, a trial court's "erroneous admission of evidence is harmless if the [reviewing] court can conclude with fair assurance that the evidence did not substantially influence the jury." *United States v. McPartland*, 81 F.4th 101, 121 (2d Cir. 2023). If a state court's admission of evidence "satisfies the Federal Rules of Evidence, it 'will not violate a [state] criminal defendant's due process rights or provide a basis for habeas corpus relief.'" *Bristol v. Superintendent*, 2008 WL 2097160, at *12 (N.D.N.Y. May 19, 2008) (quoting *Long v. Donnelly*, 335 F. Supp.2d 450, 463 (S.D.N.Y. 2004)). Under the federal rules, courts routinely admit evidence relevant to the scope of investigations. *See, e.g.*, *Poblah v. Nassau Cnty. Police Dep't*, 1999 WL 461782, at *1 (2d Cir. June 22, 1999) (affirming district court's admission of evidence of a police investigation); *Sudler v. Griffin*, 2013 WL 4519768, at *4 n.4 (admitting evidence to provide context for an investigation).

Following her bludgeoning, Petitioner's victim, Jill Piros, had no memory of the attack. T Tr. at p. 89-90. Because of her lack of memory, she was subject to an extensive medical evaluation that included a sexual assault exam referred to as a "rape kit." *Id.* at pp. 105, 107-08. Defense counsel vehemently opposed admission of the rape kit results, arguing that the rape kit was not relevant because there was no allegation of sexual assault at issue. *Id.* at pp. 105-10, 114-18. Over defense counsel's objections, the trial court admitted the evidence finding that it was relevant to the "thoroughness and . . . extent of the [medical] investigation." *Id.* at pp. 108, 117-19. Admission of the evidence did not deprive Petitioner of a fair trial.

First, the Court notes that the rape kit is not evidence of an uncharged crime. In fact, it is quite the opposite—the exam clearly showed that Petitioner did not sexually assault Mrs. Piros. *Id.* at p. 116. Second, the rape kit, as noted by the state court, was relevant to establishing the extent of Mrs. Piros' injuries and medical evaluation. The evidence was particularly relevant given the fact that Mrs. Piros had no memory of the vicious attack that left her permanently disabled. *Id.* at pp. 82, 89-90, 97. Third, Petitioner was not unfairly prejudiced by the admission of the evidence. The record makes it clear that Petitioner did not sexually assault Mrs. Piros, and the evidence was not offered for any inflammatory purpose. *Id.* at p. 116-18. Moreover, Petitioner had a bench trial where there was no possibility of negatively influencing a jury. SR. at 328. Petitioner provides no basis to conclude that the state court's ruling was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

Having found that the rape kit would be readily admissible under the federal rules, there is no basis for relief.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[6] and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such obligations shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P 72 & 6(a).

Date:  November 20, 2023
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").