UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY L. ELLIS,

        Petitioner,

        -v-                   9:22-CV-589

JOSEPH E. COREY,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

TIMOTHY L. ELLIS
Petitioner, Pro Se
17-B-1270
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. LETITIA JAMES             ROBERT C. MCIVER, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Respondent
28 Liberty Street, 14th Floor
New York, NY 10005

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On June 6, 2022, *pro se* petitioner Timothy Ellis ("petitioner") filed this action seeking habeas corpus relief. Dkt. No. 1. After an initial review of the petition, respondent Joseph E. Corey ("respondent"), the Superintendent of

the facility where petitioner was being held in state custody, was ordered to respond, Dkt. No. 3.  Thereafter, the parties briefed the matter, Dkt. Nos. 11, 18–19, 22, and U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that the petition should be denied and dismissed in its entirety, Dkt. No. 27.

Petitioner has filed objections.  Dkt. No. 28.  Broadly speaking, petitioner's objections challenge the legal consequences of certain events that occurred in the state-court criminal proceedings.  In particular, petitioner reiterates his assertion that the prosecution should be faulted for provoking the mistrial, which means Double Jeopardy should have barred the re-trial where he was ultimately convicted.

But this Fifth Amendment exception to the rule permitting re-trials is a limited one.  And it does not bar a re-trial in cases where, as here, the record below demonstrates that the conflict was promptly raised and the issue was fully explored by the presiding state-court judge.  In short, there is nothing in the record or in petitioner's submissions to substantiate his argument that the prosecution's conduct was intentional.  And a review of petitioner's other objections confirm that he has not identified any errors that would warrant rejection or modification of the R&R.

Thus, upon *de novo* review, the R&R is accepted and will be adopted.  *See* 28 U.S.C. § 636(b)(1)(c).

- 3 -

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. The petition is DENIED and DISMISSED; and

3. No Certificate of Appealability shall be issued.

IT IS SO ORDERED.

Dated:  December 20, 2023
        Utica, New York.

David N. Hurd
U.S. District Judge